**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 24, 2012

Lyle W. Cayce
Clerk

No. 11-40940
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHNNY JOE GUERRA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:10-CR-1128-10

Before DeMOSS, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Johnny Joe Guerra pleaded guilty to a single count of conspiracy to possess with intent to distribute more than 500 grams of methamphetamine. He was sentenced within the applicable guidelines range to life imprisonment.

Guerra argues that his sentence is procedurally unreasonable. He asserts that the district court did not properly apply the 18 U.S.C. § 3553(a) factors, failed to consider his limited criminal history, and disregarded the "nature and seriousness" of his conduct. Guerra also alleges that the district court did not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

provide a valid or sufficient reason for his sentence and instead suggested that his sentence was based upon the conduct of his codefendants.

We review a sentence for procedural and substantive reasonableness in light of the sentencing factors in § 3553(a). *Gall v. United States*, 552 U.S. 38, 46 (2007). Because Guerra did not raise any challenge in the district court to the procedural reasonableness of his sentence, we review his arguments for plain error. *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).

The record belies Guerra's contention that the district court failed to consider the § 3553(a) factors or to assess the nature of his offense conduct and his criminal history. *Cf. Gall*, 552 U.S. at 51 (noting that failing to consider the § 3553(a) factors is a procedural sentencing error). The record supports that the district court implicitly considered the § 3553(a) factors and assessed whether Guerra should be granted sentencing leniency based upon the nature of his role in the conspiracy and his criminal history. *See United States v. Gonzalez*, 250 F.3d 923, 930 (5th Cir. 2001). Although the district court did not refer to each of the § 3553(a) factors, it was not required to do so. *See United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006). Moreover, we presume that the district court considered the § 3553(a) factors because the court imposed a within-guidelines sentence. *See United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005). Accordingly, Guerra has not shown any clear or obvious error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

Guerra's contention that the district court provided invalid or inadequate reasons for his sentence is also unavailing. He specifically has not shown that any deficiency in the court's reasons for his sentence affected his substantial rights because there is no indication that he would have received a lesser sentence if the district court had given a different or more adequate explanation. *See id.*; *Mondragon-Santiago*, 564 F.3d at 361, 365. Because Guerra has not shown that the sentencing outcome was affected by any error in the district

court's articulated reasoning for the sentence imposed, he has not established reversible plain error. *See Mondragon-Santiago*, 564 F.3d at 364-65.

Guerra also contends that his sentence was substantively unreasonable because the sentence imposed was not proportional to his offense conduct and did not account for his minimal criminal history. Although Guerra argued in the district court for sentencing leniency on the grounds that he now alleges, he did not specifically object to the sentence imposed. We need not decide whether plain error review applies, however, because Guerra is unable to satisfy the ordinary standard of review. *See United States v. Rodriguez*, 523 F.3d 519, 526 n.1 (5th Cir. 2008); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

Guerra's sentence was within the properly calculated guidelines range and is therefore entitled to a presumption of reasonableness. *See United States v. Newsom*, 515 F.3d 374, 379 (5th Cir. 2008). The record shows that the district court considered Guerra's request for sentencing leniency based on the nature and circumstances of the offense and his history and characteristics, and weighed those factors against the Government's assertions that a within-guidelines sentence would, inter alia, account for the seriousness of the offense and protect the public from further crimes by Guerra. The district court made an individualized sentencing decision based on the facts of the case and in light of the § 3553(a) factors and concluded that a within-guidelines sentence was proper. *See Gall*, 552 U.S. at 51. Guerra has not shown that the district court committed "a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). His mere "disagreement with the propriety of the sentence imposed does not suffice to rebut the presumption of reasonableness that attaches to a within-guidelines sentence." *United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

In light of the foregoing, the judgment of the district court is AFFIRMED.